FILED
MAR 14 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. Zamorro SHONE, Defendant. | Magistrate Case No.: 08MJ8158<br>Southern District of Florida Case No.: 08-20034<br>FINDINGS OF FACT AND ORDER OF DETENTION |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. §§ 3141 et seq.), a detention hearing was held on February 29, 2008, to determine whether defendant Zamorro SHONE, should be held in custody pending trial on the ground that he is a risk of flight. Assistant U. S. Attorney Michelle Pettit appeared on behalf of the United States. Diane Regan of Federal Defenders of San Diego, Inc. appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services Report, and the indictment issued against the Defendant in the Southern District of Florida, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required.

///

///

///

# I

## FINDINGS OF FACT

A. Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)

1 . A federal grand jury for the Southern District of Florida returned an indictment, Criminal Case No.: 08-20034, charging defendant with Misbranding of Sea Food, in violation of 21 United States Code, §§ 331(a), 333(a)(2) , 342(a)(1) and 343(a) and 18 United States Code § 2.

B. Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2):

1. According to the indictment, defendant was Chief Officer and General Manager of a company, Pacific Marine Union Corporation, located in Vancouver, British Columbia, Canada, and Defendant engaged in the purchase, importation, exportation, packing, and re-sale of seafood, including among other products, frozen Queen Conch (Strombus gigas) meat. The Food, Drug, and Cosmetic Act which is administered by the United States Food & Drug Administration, prohibits the importation of food into the United States which is misbranded.

2. On or about October 14, 2005 and March 14, 2006, at Hialeah, Miami-Dade County, in the Southern District of Florida, and elsewhere, the Defendant, with the intent to defraud, did introduce and cause the introduction of misbranded food into interstate and foreign commerce, while he held a position of responsibility at Pacific Marine Union Corporation, to wit: by shipping and causing to be shipped from Canada to the United States seafood labeled as "Frozen whelk meat," when in truth and in fact, and as the Defendant then and there well knew, the shipment contained frozen Queen conch meat in the approximate amounts and values identified below with respect to each count:

Count 1: October 14, 2005, 4,872 pounds (140 cases) valued at $73,080.00;
Count 2: March 14, 2006, 2,100 pounds (70 cases) valued at $31,500.00

3. A Warrant for Defendant's arrest was issued in the Southern District of Florida.

4. On February 22, 2008, the Defendant was arrested on a warrant from the Southern District of Florida, as he attempted to enter the United States at the Calexico, California, West Port of Entry.

///

C. History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3)

1. The Defendant is a Canadian national.

2. The Defendant has family living in Vancouver, British Columbia, Canada.

3. The Defendant owns a business in Ensenada, Baja California, Mexico.

4. The Defendant has never resided in Southern California and has no ties to the community.

D. Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)

1. Other than that the charged crime is an offense of Misbranding of Sea Food, the government did not proffer evidence suggesting that release of the Defendant would pose a danger to any person or the community.

## II

## REASONS FOR DETENTION

A. There is probable cause to believe that the Defendant committed the offenses charged in Southern District of Florida, Indictment No. 08-20034.

B. Defendant has no ties to the Southern District of California and he is a citizen of Canada.

C. The Southern District of Florida is best suited to determine if there are any conditions that can be set to ensure Defendant's appearance.

Thus the Court finds that the Government has sustained its burden of demonstrating, by a preponderance of the evidence, that the Defendant is a risk of flight and that there are no conditions or combination of conditions that it could set that would ensure Defendant's appearance for future court appearances.

## III

## ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 3-14-08.

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

KAREN P. HEWITT
United States Attorney

MICHELLE PETTIT
Assistant U. S. Attorney

cc: Diane Regan of
Federal Defenders of San Diego, Inc.